UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 20-141-DLB

JOSE SALVADOR LANTIGUA                                                              PETITIONER

v.                         **MEMORANDUM OPINION AND ORDER**

H. ALLEN BEARD, Warden                                                              RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Jose Salvador Lantigua has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. # 1).  Lantigua argues that federal inmates may earn sentencing credits pursuant to 18 U.S.C. § 3632 before the Bureau of Prisons has fully implemented its obligations under the First Step Act.  *See* Pub. Law 115-391, Sec. 102(a) (Dec. 21, 2018).  He separately contends that he is entitled to serve the remainder of his sentence—seven years—in home confinement.  Lantigua finally asserts that he need not exhaust his administrative remedies because his petition poses only a question of statutory interpretation.  (Doc. # 1 at 5-7).

Lantigua has attempted to assert these claims twice before in this Court.  In each instance, the petition was denied without prejudice because Lantigua did not file his petition on a court-approved form, asserted multiple unrelated claims in a single petition, failed to adequately explain the basis for his claim to relief, and/or had self-evidently failed to exhaust his administrative remedies prior to filing suit.  The Clerk of the Court sent Lantigua the forms necessary to file a renewed petition once these errors had been

addressed. *Lantigua v. Beard*, No. 0: 20-CV-118-DLB (E.D. Ky. 2020); *Lantigua v. Beard*, No. 0: 20-CV-132-KKC (E.D. Ky. 2020).

Lantigua's present petition suffers from the same defects as its predecessors. Lantigua has again failed to file his habeas corpus petition on this Court's approved form as required by the Court's Local Rules. LR 5.2(a). In addition, his claims related to sentencing credits and to service of his sentence in home confinement are factually and legally distinct, and may not be asserted in a single petition.

As the Court has previously noted, it is readily apparent that Lantigua has not exhausted his administrative remedies prior to seeking habeas relief. This is required. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Lantigua has engaged in informal discussions with staff about earned time credits under 18 U.S.C. § 3632 and a transfer to home confinement. However, he filed a formal grievance with the warden only three days before signing his current petition. (Doc. # 1-1 at 2-3). Administrative remedies must be fully exhausted prior to filing suit and in strict conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006). To fully exhaust those remedies, Lantigua must file a formal grievance with the warden, and if he does not obtain the full measure of relief he seeks, must appeal to the Mid-Atlantic Regional Office and then, if necessary, to the National Office of Inmate Appeals. *See* 28 C.F.R. § 542.10 *et seq.*; BOP Program Statement 1330.18 (Jan. 6, 2014). Further, Lantigua does not qualify for an equitable exception to the exhaustion requirement. *Cf. Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (explaining that the "futility" exception to the exhaustion requirement applies only where there has been "a prior indication from the agency that it does not have jurisdiction over

2

the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider.").

The purpose of the exhaustion requirement is to ensure that the agency has an opportunity to review and revise its actions before litigation is commenced. This preserves both judicial resources and administrative autonomy. It also ensures that a court reviewing the agency's final action does so upon a developed and complete evidentiary record. *Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). That final point is particularly relevant here. Lantigua contends that he is presently entitled to earned time credits, but he points to nothing in the record to indicate that the BOP disagrees, and it is not self-evident that it does: "FSA Time Credits (FTC) may only be earned for completion of assigned evidence-based recidivism reduction programs or productive activities authorized by BOP and successfully completed on or after January 15, 2020." *See* https://www.bop.gov/inmates/fsa/faq.jsp#fsa_time_credits (visited on Nov. 24, 2020).

As a final matter, Lantigua has already filed a motion to serve the remainder of his sentence in home confinement, a request denied by the court which imposed his sentence. *United States v. Lantigua*, No. 3: 16-CR-125-TJC-PDB-1 (M.D. Fla.2016) (Doc. # 73 therein). Lantigua's appeal of that determination remains pending. As this Court has explained, a request seeking compassionate release to home detention must be made by motion pursuant to 18 U.S.C. § 3582(c) in the court that imposed the prisoner's sentence, not through a habeas corpus petition under 28 U.S.C. § 2241. *Cf. Tucker v. Quinttane*, 5: 20-CV-210-KKC (E.D. Ky. 2020); *see also Wilson v. Williams*, 961

3

F.3d 829, 844 (6th Cir. 2020) ("[A]lthough the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment.").

In light of the foregoing, the Court will deny Lantigua's petition without prejudice. If he chooses to do so he may file a new petition, in full conformity with the rules described above and after he has fully and properly exhausted his administrative remedies. Appropriate forms may be obtained from the Clerk of the Court.

Accordingly, it is **ORDERED** as follows:

(1)     Lantigua's Petition (Doc # 1) is **DENIED**;

(2)     The Court will enter an appropriate Judgment to be filed contemporaneously herewith; and

(3)     This matter is **STRICKEN** from the Court's docket.

This 1st day of December, 2020.

Signed By:
*David L. Bunning* 
**United States District Judge**